**Floyd Eugene BARNES, Petitioner–Appellant,**

v.

**R. CAMPBELL, Respondent–Appellee.**

**No. 07–56665.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 16, 2010.*

Filed April 1, 2010.

Floyd Eugene Barnes, Ione, CA, pro se.

Kevin Vienna, Supervising Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

California state prisoner Floyd Eugene Barnes appeals pro se from the district

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

The district court did not err when it dismissed Barnes' habeas petition as untimely. *See* 28 U.S.C. § 2244(d)(1). Barnes' state habeas petition filed in the San Diego Superior Court did not toll AEDPA's limitations period because it was not properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) ("Because the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Bonner v. Carey*, 425 F.3d 1145, 1148–49 (9th Cir. 2005) (applying *Pace* to California's timeliness rule for postconviction petitions), *as amended*, 439 F.3d 993 (9th Cir.2006). Barnes' contention that application of Pace to this case violates the constitution's Ex Post Facto clause is without merit. *See Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007) (per curiam) (applying *Pace* to a habeas petition filed before *Pace* was decided).

Barnes contends the district court erred because it failed to determine whether California's timeliness rule is "adequate." A state's timeliness rule is a "condition to filing" and not a "procedural bar." *Pace*, 544 U.S. at 417, 125 S.Ct. 1807. Therefore, "whether a condition to filing is firmly established and regularly followed is irrelevant." *See Zepeda v. Walker*, 581 F.3d 1013, 1018 (9th Cir.2009).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.